IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELLA JARROTT,
as Personal Representative of the
Wrongful Death Estate of Darian Jarrott,

    Plaintiff,

v.                                                                 Civ. Case No. 22-298 KRS/GBW

MARK MADRID, in his individual capacity,
And NEW MEXICO STATE POLICE CHIEF
TIM Q. JOHNSON,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS

THIS MATTER is before the Court on Defendants' Motion to Stay Proceedings During Pendency of Motion to Dismiss, (Doc. 10), filed June 10, 2022. On August 10, 2022, Plaintiff filed a response opposing the Motion to Stay, and Defendants filed a reply on August 25, 2022. (Docs. 21 and 32). Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion to Stay.

Plaintiff, as the personal representative of the estate of Officer Darian Jarrott, brings this action for damages pursuant to 42 U.S.C. § 1983 for alleged violations of the decedent's constitutional rights in connection with a February 4, 2021 traffic stop that resulted in Officer Jarrott's death. Defendants seek a stay of these proceedings pending resolution of their Motion to Dismiss, (Doc. 7), in which they raise the defense of qualified immunity. (Doc. 10).[1] Plaintiff acknowledges that a stay is usually required when a defendant invokes a qualified immunity defense. (Doc. 11) at 2. Nevertheless, Plaintiff states that Defendant Johnson testified in related

---

[1] While the title of Defendants' motion is "Motion to Stay Proceedings," Defendants state in their reply brief that they are seeking a stay of discovery. *See* (Doc. 32) at 3.

litigation "that he was aware of the practice of unconstitutional whisper stops, that [New Mexico State Police] officers use these pretextual whisper stops to assist other agencies, that whisper stops continue to be conducted by NMSP officers to this day, and [Defendant Johnson] has not adopted any policy on assisting outside agencies." *Id.* Therefore, Plaintiff argues that discovery is needed in this case "to protect other NMSP officers from these practices" and asks the Court to allow discovery on at least this issue. *Id.* at 2, 3-4  Plaintiff also argues that Defendants are not entitled to qualified immunity. *Id.* at 2-3. In reply, Defendants note that discovery in Plaintiff's state case is now closed, and they argue that Plaintiff is "attempt[ing] to do an end run around the state court's discovery deadlines" by seeking to continue discovery in this case. (Doc. 32) at 1.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Thus, in general, when a defendant asserts the defense of qualified immunity in a motion to dismiss, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.

There is no dispute that Defendants have raised the defense of qualified immunity in their Motion to Dismiss. Plaintiff opposes a stay of discovery because she asserts a need to engage in discovery on the issue of whisper stops and because she argues that the Motion to Dismiss

2

should fail and Defendants are not entitled to qualified immunity.  These arguments are unavailing because the Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised.  Plaintiff does not assert that she needs discovery to respond to the Motion to Dismiss, and the Court will consider Plaintiff's arguments opposing qualified immunity in its decision on the Motion to Dismiss.  Accordingly, the Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed.  *See Jiron*, 392 F.3d at 414 (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"); and *Workman*, 985 F.2d at 336 (concluding that discovery "should not be allowed" until the court makes a requested qualified immunity determination).

    IT IS THEREFORE ORDERED that Defendants' Motion to Stay Proceedings During Pendency of Motion to Dismiss, (Doc. 10), is GRANTED and discovery is STAYED in this case until Defendants' Motion to Dismiss, (Doc. 7), is ruled on.

    IT IS SO ORDERED.

                                                                KEVIN R. SWEAZEA
                                                                UNITED STAGES MAGISTRATE JUDGE
                                                                Presiding by Consent